RECEIPT # _544436_
AMOUNT $ _8450_
SUMMONS ISSUED _X-1_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _m_
DATE _3-10-07_

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Jalbert Leasing, Inc.<br>d/b/a C&J Trailways<br>185 Grafton Dr.<br>Portsmouth, New Hampshire 03801<br><br>Bonanza Acquisition, LLC<br>One Bonanza Way<br>Providence, Rhode Island 02940<br><br>Concord Coach Lines, Inc.<br>d/b/a Concord Trailways<br>South Main Street<br>Concord, New Hampshire 03301,<br><br>Dartmouth Transportation Company, Inc.<br>d/b/a Dartmouth Coach<br>7 Langon Street<br>Concord, New Hampshire 03301<br><br>*Plaintiffs,*<br><br>v.<br><br>Massachusetts Port Authority<br>One Harborside Drive, Suite 200S<br>East Boston, Massachusetts 02128<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MAGISTRATE JUDGE _Bowler_

CIVIL ACTION
NO. 04CV

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

- 2 -

## Jurisdiction

1.    The jurisdiction of this Court is invoked under 28 U.S.C. §1331, since this is a civil action arising under the Constitution and laws of the United States, specifically Congressional power to regulate commerce among the several states, U.S. Constitution, Article I, Section 8, Clause 3, and more specifically, a provision of the Interstate Commerce Act, 49 U.S.C. §14505, which prohibits states from imposing taxes, fees, or other charges on interstate bus transportation.

2.    Since it has jurisdiction over this matter, *supra*, this Court may declare the rights and legal relations of Plaintiffs and Defendant under the Declaratory Judgement Act, 28 U.S.C. §2201(a).

## Venue

3.    Venue is proper under 28 U.S.C. §1391(b)(1), because Defendant resides in the District of Massachusetts, and also under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this District.

## Nature of the Action

4.    Plaintiffs are each interstate bus companies.  A portion of their business consists of operating scheduled bus service to and from Boston's Logan Airport.  Logan Airport is operated and controlled by Defendant Massachusetts Port Authority ("Massport"), an instrumentality of the State of Massachusetts.  Among other requirements, Massport imposes on Plaintiffs a tax, fee, and/or charge as a condition of

- 3 -

operating their interstate transportation service from Logan Airport. Plaintiffs complain

that such a tax, fee and/or charge is prohibited by 49 U.S.C. §14505. Plaintiffs seek a

declaration that Massport's practice is unlawful, and they also seek an injunction against

Massport's future imposition of such tax, fee and/or charge on Plaintiffs' future

transportation.

<u>The Parties</u>

5.    Plaintiff Jalbert Leasing, Inc., doing business as C&J Trailways ("C&J"),

185 Grafton Dr., Portsmouth, New Hampshire 03801, is a New Hampshire corporation

whose principal office is located at Portsmouth, New Hampshire. C&J is engaged in

business as a motor carrier of passengers, *inter alia*, on a scheduled basis, over regular

routes, in interstate commerce, between Logan International Airport ("Logan"), East

Boston, Massachusetts, on the one hand, and on the other, various points in New

Hampshire.

6.    C&J is appropriately registered with Federal Motor Carrier Safety

Administration ("FMCSA") to perform such interstate service as provided in 49 U.S.C.

§13902 (b), *et seq.*, in FMCSA Docket MC-134133.

7.    Plaintiff Bonanza Acquisition, LLC ("Bonanza"), One Bonanza Way,

Providence, Rhode Island 02940, is a Delaware limited liability company whose

principal office is located at Providence, Rhode Island. Bonanza is engaged in business

as a motor carrier of passengers, *inter alia*, on a scheduled basis, over regular routes, in

- 4 -

interstate commerce, between Logan, on the one hand, and on the other, various points in Rhode Island.

8.    Bonanza is appropriately registered with FMCSA to perform such interstate service as provided in 49 U.S.C. §13902 (b), *et seq.*, in FMCSA Docket MC-448481.

9.    Plaintiff Concord Coach Lines, Inc., doing business as Concord Trailways ("Concord"), South Main Street, Concord, New Hampshire 03301, is a New Hampshire corporation whose principal office is located at Concord, New Hampshire.  Concord is engaged in business as a motor carrier of passengers, *inter alia*, on a scheduled basis, over regular routes, in interstate commerce, between Logan, on the one hand, and on the other, various points in New Hampshire and Maine.

10.    Concord is appropriately registered with FMCSA to perform such interstate service as provided in 49 U.S.C. §13902 (b), *et seq.*, in FMCSA Docket MC-116140.

11.    Plaintiff Dartmouth Transportation Company, Inc., doing business as Dartmouth Coach, 7 Langon Street, Concord, New Hampshire  03301 ("Dartmouth"), is a New Hampshire corporation whose principal office is located at Concord, New Hampshire.  Dartmouth is engaged in business as a motor carrier of passengers, *inter alia*, on a scheduled basis, over regular routes, in interstate commerce, between Logan, on the one hand, and on the other, various points in New Hampshire.

12.    Dartmouth is appropriately registered with FMCSA to perform such interstate service as provided in 49 U.S.C. §13902 (b), *et seq.*, in FMCSA Docket MC-288512.

- 5 -

13.    Defendant Massachusetts Port Authority ("Massport") is a body politic and corporate organized and existing in accordance with Chapter 465 of the Massachusetts Acts of 1956, as amended. Massport is a public instrumentality of the Commonwealth of Massachusetts. Massport's principal office is located at One Harborside Drive, Suite 200S, East Boston, Massachusetts 02128.

## The Parties' Business

14.    Each Plaintiff is a regional, intercity motor common carrier of passengers, engaged in part or in whole in providing scheduled bus service in interstate and foreign commerce over prescribed regular routes. Each Plaintiff conducts interstate, scheduled passenger transportation pursuant to operating authority, initially issued by the Interstate Commerce Commission, now administered by that Commission's successor, FMCSA.

15.    Among the different scheduled services each Plaintiff performs is transportation of passengers by bus, in interstate commerce, in scheduled service between Logan, on the one hand, and on the other, points in nearby states.

16.    Currently, C&J operates significant scheduled service to and from Logan which carries a substantial number of passengers moving in interstate commerce. This service includes approximately 17 daily schedules to and from Logan, serving the points of Dover and Portsmouth, New Hampshire and Newburyport, Massachusetts.

17.    In connection with its scheduled passenger transportation service to and from Logan, C&J has entered into an Agreement with Defendant Massport which

- 6 -

prescribes, *inter alia*, terms and conditions under which C&J may provide such scheduled bus service to and from Logan, including the imposition of certain taxes, fees, and/or charges for each scheduled bus departure from Logan when C&J is carrying passengers moving in interstate commerce.

18.    Currently, Bonanza operates significant scheduled service to and from Logan which carries a substantial number of passengers moving in interstate commerce. This service includes approximately 12 daily schedules in each direction between Providence, Rhode Island and Logan, and approximately 18 schedules in each direction between Woods Hole, Massachusetts and Logan (14 of which operate daily).

19.    In connection with its scheduled passenger transportation service to and from Logan, Bonanza has entered into an Agreement with Massport which prescribes, *inter alia*, terms and conditions under which Bonanza may provide such scheduled bus service to and from Logan, including the imposition of certain taxes, fees, and/or charges for each scheduled bus departure from Logan when Bonanza is carrying passengers moving in interstate commerce.

20.    Currently, Concord operates significant scheduled service to and from Logan which carries a substantial number of passengers moving in interstate commerce. This service includes approximately 12 daily schedules to and from Logan, serving the points of Concord and Manchester, New Hampshire, and approximately 12 additional daily schedules to and from Logan and Portland, Maine (3 of which also serve Bangor,

Maine and 2 of which also serve coastal Maine).

21.     In connection with its scheduled passenger transportation service to and from Logan, Concord has entered into an Agreement with Massport which prescribes, *inter alia*, terms and conditions under which Concord may provide such scheduled bus service to and from Logan, including the imposition of certain taxes, fees, and/or charges for each scheduled bus departure from Logan when Concord is carrying passengers moving in interstate commerce.

22.     Currently, Dartmouth operates significant scheduled service to and from Logan which carries a substantial number of passengers moving in interstate commerce. This service includes approximately 7 daily schedules to and from Logan, serving the points of Hanover, Lebanon, and New London, New Hampshire.

23.     In connection with its scheduled passenger transportation service to and from Logan, Dartmouth has entered into an Agreement with Massport which prescribes, *inter alia*, terms and conditions under which Dartmouth may provide such scheduled bus service to and from Logan, including the imposition of certain taxes, fees, and/or charges for each scheduled bus departure from Logan when Dartmouth is carrying passengers moving in interstate commerce.

24.     Defendant Massport, among other activities, controls and operates the Logan International Airport, East Boston, Massachusetts.

25.     As one part of its control and operation of Logan, Massport, as a

- 8 -

prerequisite to the conduct of scheduled interstate bus transportation to or from Logan, requires any interstate motor passenger carrier seeking to provide such scheduled service to enter into an agreement which prescribes, *inter alia*, terms and conditions under which such carrier may provide such service. Such agreements include, as one or more provisions, certain taxes, fees, and/or charges on the motor passenger carriers for each scheduled interstate departure.

26.    Massport has recently advised Plaintiffs that the taxes, fees, and charges currently imposed on motor passenger carriers will triple in April, 2004.

### Massport's Unlawful Tax on Plaintiffs and Their Operations

27.    The Federal statute under which Plaintiffs bring this action, 49 U.S.C. §14505, prohibits state taxation of interstate bus transportation. The statute provides, "A State or political subdivision thereof may not collect or levy a tax, fee, head charge, or other charge on (1) a passenger traveling in interstate commerce by motor carrier, (2) the transportation of a passenger traveling in interstate commerce by motor carrier, (3) the sale of passenger transportation in interstate commerce by motor carrier, or (4) the gross receipts derived from such transportation." Massport is and has been imposing taxes, fees, and/or other charges on Plaintiffs' interstate bus transportation which violate this statute.

28.    Massport, in its operation of Logan, including in its dealings with Plaintiffs, is acting as a State or political subdivision thereof within the meaning of the statute.

29.    The effect of Massport's taxes, fees, and/or charges imposed on the motor passenger carriers by the required agreements, *supra*, is to levy a tax, fee, or other charge on (1) passengers traveling in interstate commerce, (2) the transportation of passengers traveling in interstate commerce, (3) the sale of passenger transportation in interstate commerce, and/or (4) the gross receipts derived from such transportation, within the meaning of the statute.

### Harm to Plaintiffs

30.    As a result of Massport's violation of 49 U.S.C. §14505, *supra*, Plaintiffs incur additional costs in the form of payments to Massport which are unrelated to any additional revenue, resulting in a decrease in profits from what they would otherwise be in the absence of such violation.  Plaintiffs are harmed by this loss of profits.

31.    As a result of Massport's violation of 49 U.S.C. §14505, *supra*, Plaintiffs incur additional costs in the form of payments to Massport which are unrelated to any additional revenue.  To the extent Plaintiffs are unable to pass these additional costs on to their passengers, Plaintiffs' profits are less than they would otherwise be in the absence of such violation.  Plaintiffs are harmed by this loss of profits.

32.    As a result of Massport's violation of 49 U.S.C. §14505, *supra*, Plaintiffs incur additional costs which are unrelated to any additional revenue.  To the extent Plaintiffs would attempt to pass these costs on to passengers by raising passenger fares, such increased fares would result in decreased ridership, resulting in a decrease in profits

from what they would otherwise be in the absence of such violation. Plaintiffs are harmed by this loss of profits.

33.    As a result of Massport's violation of 49 U.S.C. §14505, *supra*, Plaintiffs incur additional costs which are unrelated to any additional revenue. To the extent Plaintiffs would attempt to pass these costs on to passengers by raising fares, such increased fares would place Plaintiffs at a competitive disadvantage to other modes of transportation, resulting in decreased ridership, which in turn would result in a decrease in profits from what they would otherwise be in the absence of such violation. Plaintiffs are harmed by this loss of profits.

34.    As a result of Massport's violation of 49 U.S.C. §14505, *supra*, Plaintiffs are harmed by having Massport frustrate and negate Congressional policy for interstate bus transportation, expressed in the National Transportation Policy at 49 U.S.C. §13101, which among other goals, is intended to allow efficient and well managed carriers to earn adequate profits and to promote intermodal transportation.

## No Other Remedy Available

35.    Plaintiffs have no other remedy at law to obtain the declaratory relief they seek in this action.

## Relief Requested

36.    Plaintiffs request a declaration that the taxes, fees, and/or charges imposed by Massport on Plaintiffs as described herein are unlawful as a violation of 49 U.S.C.

- 11 -

§14505.

37.    Plaintiffs request the Court issue an injunction, prohibiting Massport from imposing on Plaintiffs the same or similar taxes, fees, or/or charges in the future.

38.    Plaintiffs request the Court order Massport to return to Plaintiffs any such unlawful taxes, fees and/or charges Plaintiffs have paid to Massport since the date of the filing of this Complaint.

WHEREFORE, Plaintiffs respectfully request and pray that this honorable Court:

(1)    Declare that the imposition of the current taxes, fees, and/or charges by Massport on the interstate passenger transportation performed by Plaintiffs is prohibited by 49 U.S.C. §14505;

(2)    Issue a Permanent Injunction, restraining and enjoining Massport, its agents, servants, employees, attorneys, and all persons in active concert and participation with it, from continuing to impose any such taxes, fees, and/or charges on the interstate passenger transportation performed by Plaintiffs in a manner inconsistent with such declaration;

(3)    Order Massport to refund to Plaintiffs all monies paid to Massport on or after the date of the filing of this Complaint as taxes, fees, and/or charges declared to be unlawful; and

(4)    Grant unto Plaintiffs such other and further relief as it may deem just and proper in the premises.

- 12 -

PLAINTIFFS

By their attorneys,

Wesley S. Chused (BBO #083520).
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

Jeremy Kahn
KAHN & KAHN
1730 Rhode Island Ave., N.W.
Suite 810
Washington, D.C.  20036
(202) 887-0037