UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JALBERT LEASING, INC. d/b/a C&J TRAILWAYS; BONANZA ACQUISITION, LLC; CONCORD COACH LINES, INC. d/b/a CONCORD TRAILWAYS; and DARTMOUTH TRANSPORTATION COMPANY, INC. d/b/a DARTMOUTH MINICOACH, <br><br> Plaintiffs, <br><br> v. <br><br> MASSACHUSETTS PORT AUTHORITY, <br><br> Defendant. | CIVIL ACTION <br> NO. 04-10486-RCL |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, pursuant to Fed.R.Civ.P.56(a), move for summary judgment on their Complaint against Defendant Massport, on the grounds there are no genuine issues as to any material fact to warrant a trial of that claim, and Plaintiffs are entitled to summary judgment as a matter of law, including the declaration that Defendant's described fees and charges assessed Plaintiffs are unlawful, an injunction against future assessment of such fees, and a refund of amounts paid by Plaintiffs since March 10, 2004.

As grounds for this motion, Plaintiffs state (1) they are each properly authorized interstate bus companies engaged in transporting passengers, in interstate commerce, to and from Boston's Logan Airport, (2) Logan Airport is owned and operated by Defendant Massport, which is an

1

instrumentality of the Commonwealth of Massachusetts, (3) Massport imposes a charge or fee on Plaintiffs' interstate bus transportation, and (4) the imposition of such charge or fee violates 49 U.S.C. §14505.

In support of this Motion, Plaintiffs rely upon their Complaint, the Affidavits of James Jalbert of Plaintiff Jalbert Leasing, Donald Ross of Plaintiff Bonanza Acquisition, and Harry Blunt of Plaintiff Concord Transportation,[1] and Plaintiffs' Memorandum in Support filed concurrently herewith.

**Concise Statement of Material Facts of Record
As to Which Plaintiffs Contend There is No Genuine Issue to be Tried**

Pursuant to Local Rule 56.1, Plaintiffs submit the following concise statement of material facts of record as to which they contend there is no genuine issue to be tried:

1. Each Plaintiff is an interstate bus company, engaged in transporting passengers in interstate commerce. See Affidavit of James Jalbert of Plaintiff C&J Trailways (hereafter "Jalbert Aff."), ¶¶ 4-5; Affidavit of Donald Ross of Plaintiff Bonanza (hereafter "Ross Aff."), ¶¶ 4-5; and Affidavit of Harry Blunt of Plaintiff Concord (hereafter "Blunt Aff."), ¶¶ 4-5.

2. Each Plaintiff is properly authorized to engage in interstate passenger transportation by the Federal Motor Carrier Safety Administration. Jalbert Aff., ¶5; Ross Aff., ¶5; Blunt Aff., ¶5.

3. Each Plaintiff operates interstate scheduled bus transportation to and from Boston's Logan Airport. C&J Trailways operates 17 schedules daily. Jalbert Aff., ¶6 and Ex. A.

---

[1] Plaintiff Dartmouth Transportation deals indirectly, rather than directly with Massport. It is not submitting an affidavit at this time. The three affidavits submitted nonetheless provide ample factual support for the relief sought.

Bonanza operates 18 schedules daily over two different routes. Ross Aff., ¶¶ 6- 7 and Exs. A, B. Concord operates 24 schedules daily over two different routes. Blunt Aff., ¶¶ 6-7 and Ex. A.

4.  As examples of the volume of Plaintiffs' business, during calendar year 2003, C&J Trailways carried 127,160 passengers to Logan, Jalbert Aff., ¶8; Bonanza carried 286,842 passengers to Logan, Ross Aff. ¶9; and Concord carried 102,931 passengers to Logan. Blunt Aff., ¶9.

5.  As a condition of operating daily scheduled service to and from Logan, Plaintiffs were required to enter into formal agreements with Defendant Massport, which agreements prescribe the terms and conditions under which Plaintiffs can provide service. Jalbert Aff., ¶¶ 11-12 and Ex. B; Ross Aff., ¶¶ 11-12 and Ex. C; Blunt Aff., ¶¶ 12-13 and Ex. B.

6.  Each such agreement calls for, inter alia, each Plaintiff to pay Massport a $1.50 fee or charge for each interstate scheduled trip operated from Logan. Jalbert Aff., ¶15; Ross Aff., ¶15; Blunt Aff., ¶15.

7.  Each such agreement repeatedly refers to the imposition of "fees" and/or "charges" to be imposed on Plaintiffs. Jalbert Aff., ¶13 and Ex, B; Ross Aff., ¶13 and Ex. C; Blunt Aff., ¶14 and Ex. B.

8.  Each Plaintiff has paid and continues to pay such fee or charge to Massport. Jalbert Aff., ¶¶15-16; Ross Aff., ¶¶14-15; Blunt Aff., ¶¶16-17.

9.  As examples of the monies paid by Plaintiffs to Massport under their agreements, during 2003 C&J Trailways paid $5,638.50, Jalbert Aff., ¶17; Bonanza paid $10,872.00, Ross Aff., ¶16; and Concord paid $6,660.00, Blunt Aff., ¶17.

10. The fees paid as described were billed on a per trip basis. Jalbert Aff., ¶¶16-17 and Ex. D; Ross Aff., ¶¶15-16 and Ex. D; Blunt Aff., ¶¶16-17 and Ex. C.

3

11. Massport has announced the fee or charge shall increase from the present $1.50 per trip to $4.50 per trip on April 1, 2004, and again to $7.50 per trip on April 1, 2005. <u>Jalbert Aff</u>., ¶18; <u>Ross Aff</u>., ¶17; <u>Blunt Aff</u>., ¶18 and Ex. D.

12. The fee or charge is assessed on passenger transportation. <u>Jalbert Aff</u>., ¶¶20-21; <u>Ross Aff</u>., ¶¶19-20; <u>Blunt Aff</u>., ¶¶20-21.

### **Local Rule 7.1(A)(2) Certification**

The undersigned counsel for Plaintiffs certifies that he has conferred with defendant's counsel and has attempted in good faith to resolve or narrow the issues herein. To that end, counsel have agreed to a proposed timetable and procedure to be presented to the Court by Defendant's counsel in an effort to narrow issues and provide for an efficient consideration of the action.

### **Request for Oral Argument**

Plaintiffs respectfully request oral argument on this Motion, which Plaintiffs believe will assist the Court in its disposition hereof.

WHEREFORE, Plaintiffs pray that the Court enter summary judgment for Plaintiffs, as requested herein.

> JALBERT LEASING, INC. d/b/a C&J TRAILWAYS; BONANZA ACQUISITION, LLC; CONCORD COACH LINES, INC. d/b/a CONCORD TRAILWAYS; and DARTMOUTH TRANSPORTATION COMPANY, INC. d/b/a DARTMOUTH MINICOACH,
>
> By their attorneys,

April 1, 2004                    "/s/" Wesley S. Chused

        Wesley S. Chused (BBO #083520)
        LOONEY & GROSSMAN LLP
        101 Arch Street
        Boston, MA 02110
        (617) 951-2800


        Jeremy Kahn
        KAHN & KAHN
        1730 Rhode Island Ave., N.W.
        Suite 810
        Washington, D.C.  20036
        (202) 887-0037


### CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2004 I served a copy of the foregoing pleading upon all parties hereto electronically or by mailing copies thereof via first class mail, properly addressed, to the following:

        Roscoe Trimmier, Jr., Esq.
        Sarah L. Levine, Esq.
        Ropes & Gray LLP
        One International Place
        Boston, MA  02110


        "/s/" Wesley S. Chused
        Wesley S. Chused