UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JALBERT LEASING, INC.<br>    d/b/a C&J Trailways<br>BONANZA ACQUISITION, LLC;<br>CONCORD COACH LINES, INC.<br>    d/b/a Concord Trailways<br>DARTMOUTH TRANSPORTATION<br>    COMPANY, INC.<br>    d/b/a Dartmouth MiniCoach<br><br>        Plaintiffs,<br><br>v.<br><br>MASSACHUSETTS PORT AUTHORITY<br><br>        Defendant. | Civil Action No. 04-10486 (RCL) |

**DEFENDANT'S**
**CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO**
**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendant moves for summary judgment pursuant to Fed.R.Civ. P. 56 as there are no genuine issues as to material fact and defendant is entitled to summary judgment as a matter of law. As grounds for this motion, and as described in full in defendant's *Memorandum in Support of Defendant's Cross-Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment,* defendant states that (1) states are generally entitled to charge both intrastate and interstate motor carriers for the use of state-funded facilities; (2) courts may not hold that state law is preempted by federal law absent a clear congressional intent to do so; (3) the plain language of 49 U.S.C. § 14505 makes clear that Congress did not address state facility-

use fees in the statute; and (4) the legislative history of 49 U.S.C. § 14505 demonstrates that Congress did not intend to preempt states from charging interstate motor carriers for the use of state-funded facilities.

### Concise Statement of Material Facts
### As To Which Defendant Contends There Is No Genuine Issue To Be Tried.

Pursuant to Local Rule 56, defendant submits the following concise statement of material facts as which there is no genuine issue to be tried:

1. Plaintiffs represent that they are interstate bus companies engaged in transporting passengers in interstate commerce to and from Boston's Logan Airport. *See, e.g.,* Blunt Aff. ¶¶ 4-5; Ross Aff. ¶¶ 4-5; Jalbert Aff. ¶¶ 4-5.

2. As a prerequisite to operating daily service to and from Logan, plaintiffs entered into formal agreements with Massport; the agreements describe the terms and conditions of access to Logan. *See, e.g.,* Kirwan Decl. ¶ 2; Blunt Aff. ¶¶ 12-13, and Ex. B; Ross Aff. ¶¶ 11-12, and Ex. B; Jalbert Aff. ¶¶ 11-12 and Ex. B.

3. Under these agreements, each bus company had been required to pay Massport $1.50 for each intrastate or interstate scheduled trip departing from Logan. *See, e.g.,* Kirwan Decl. ¶ 4; Blunt Aff. ¶ 15; Ross Aff. ¶ 15; Jalbert Aff. ¶15.

4. As of April 4, 2004 the charge on intrastate and interstate bus companies was raised to $4.50 per trip. *See, e.g.,* Kirwan Decl. ¶ 4; Blunt Aff. ¶18 and Ex. D.

5. The Massport fees are billed on a per trip basis. *See, e.g.,* Kirwan Decl. ¶ 4; Blunt Aff. ¶¶ 16-17 and Ex. C, Ross Aff. ¶¶ 15-16, and Ex. D; Jalbert Aff. ¶¶ 16-17 and Ex. D.  Defendants dispute the assertion at ¶ 12 of Plaintiff's Concise Statement of Material Facts that Massport imposes a charge on "passenger transportation." Kirwan Decl. ¶ 4.

**Local Rule 7.1(A)(2) Certification**

Counsel for defendant certifies that he has conferred with plaintiffs' counsel and has attempted in good faith to resolve or narrow the issues herein.

**Local Rule 7.3**

Massachusetts Port Authority is an instrumentality of the Commonwealth of Massachusetts and is not subject to the requirements of Local Rule 7.3.

## Conclusion

For the reasons stated above, the defendant moves the court to grant Massport's cross-motion for summary judgment and deny plaintiffs' motion for summary judgment.

Respectfully submitted,

/s/ Roscoe Trimmier, Jr.

Roscoe Trimmier, Jr. (BBO#502560)
Richard J. Lettieri (BBO#295240)
ROPES & GRAY LLP
One International Place
Boston, MA  02110
(617) 951-7000
*Counsel for Defendant*

David S. Mackey (BBO#542277)
Shelly L. Taylor (BBO#563506)
MASSACHUSETTS PORT AUTHORITY
1 Harborside Drive
East Boston, MA  02128

Dated: April 30, 2004